James F. Campise, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
*Attorneys for Plaintiff, AIOI Insurance Company a/s/o Yazaki North America, Inc.*

## United States District Court
## Southern District of New York

08 CV 1479

------------------------------------------------x
:
AIOI INSURANCE COMPANY, as subrogee and            :
assignee of YAZAKI NORTH AMERICA, INC.             :
:          Case No.:
Plaintiff,                :
:
-against-                   :
:
TIMELY INTEGRATED, INC.                            :
:          **COMPLAINT**
Defendants.                :
------------------------------------------------x  :



Plaintiff, AIOI INSURANCE COMPANY (hereinafter "AIOI") by and through its undersigned counsel,

Cozen O'Connor sues Defendant TIMELY INTEGRATED, INC. and alleges as follows:

1.      The instant action for damages is in excess of $75,000.00 and is otherwise within the

jurisdiction of this Court pursuant to Diversity 28 USC 1331 and 1332 and Carmack 49

USC 14706(d)(3).

2.      Plaintiff, AIOI INSURANCE CO., (AIOI) is a New York corporation with offices at 60

East 42nd Street, New York, New York, 10165.  Plaintiff AIOI is subrogated to the

interests of YAZAKI NORTH AMERICA, INC. ("YNA") by virtue of having paid YNA

$98,015.69, pursuant to a policy of insurance for damages to a shipment of YNA

Merchandise.

3.     Defendant, TIMELY INTEGRATED, INC. ("Timely") is a foreign corporation doing

and transacting business within the jurisdiction of this Court.

4.     All conditions precedent to the maintenance of this action have been met, waived, and/or

excused.

5.     On or about October 1, 2005, YNA entered into A Motor Carrier Agreement ("MCA")

with Timely, wherein Timely agreed to safely transport goods and merchandise of Yazaki

in exchange for agreed payments by Yazaki to Timely, as set forth in a schedule.

6.     By the terms of the Agreement, the parties agreed *inter alia* that "*Any cargo of Yazaki ...*

*shall be presumed damaged ... if while in Carrier's possession and control ... (i) the*

*cargo has been exposed to moisture; (ii) the cargo has been separated from its original*

*packing or carton or (iii) the cargo has been stacked in a manner inconsistent with the*

*written loading instructions provided to the carrier by YNA or YNA's affiliates.*"

7.     On or about December 8, 2006, Timely took possession of a shipment of 1,489 wiring

harnesses for YNA and agreed to safely transport the shipment from El Paso, Texas to

Edwardsville, Illinois.

8.     During the transportation and while in the legal and actual possession of Timely, and/or

its agents, the trailer carrying YNA's wiring harnesses, overturned, causing YNA's

shipment to dislodge, shift and otherwise be damaged.

9.     YNA's wiring harnesses were trans-loaded to another trailer and eventually delivered to

YNA in Edwardsville, Illinois, in a damaged condition.

10.  By reason of the trailer overturn, trans-loading, dislodging and exposure of YNA shipment, the goods were damaged within the meaning of the "MCA" and were otherwise damaged.

11.  Plaintiffs have heretofore and as a proximate result of the Defendant's wrongful conduct and breaches as more fully set forth herein, suffered damages within the jurisdictional limits of this Court.

## FIRST CAUSE OF ACTION
## GROSS NEGLIGENCE

12.  Plaintiffs repeat and reallege paragraphs 1-11 as if fully set forth herein.

13.  Defendants are common and contract carriers of goods for hire and as such, owe a duty of care to the shippers and consignees for whom they carry cargo. This extra-contractual duty is owed to Plaintiff separate and beyond any contractual terms.

14.  YNA entrusted the shipment to Defendant Timely and Defendant accepted the cargo in good order and condition and undertook to safely carry and deliver the shipment described above.

15.  Defendant owed to Plaintiffs a non-delegable duty of care to act in a commercially reasonable manner and to properly supervise their employees and any sub-agents or subcontractors, as well as to properly retain said employees and subagents or subcontractors. Defendant further owed to Plaintiffs a duty of care to deliver the cargo in the same good order and condition as it was delivered and to follow any instructions given by a shipper or consignee.

16.    Defendant breached its duty of care as follows:

    a)    Failing to properly deliver the subject merchandise;

    b)    Failing to properly supervise its employees, subagents, or subcontractors;

    c)    Failing to properly select or retain its employees, subagents, or subcontractors; and

    d)    Failing to adhere to instructions of shipper/consignee.

17.    Each of the Defendants' breaches constituted a gross departure from the standard care amounting to reckless indifference or willful misconduct and same proximately resulted in economic damages to the Plaintiffs.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

18.    Plaintiff repeat and reallege each and every allegation contained in paragraphs 1 - 17 of this complaint as is more fully set forth herein.

19.    Defendant is a common and contract carrier of goods for hire and as such entered into a MCA to safely carry YNA's cargo.

20.    Defendant herein undertook and contracted to carry the cargo described above and accepted the cargo in good order and condition.

21.    Defendant and YNA, by contract agreed to the type of damages for which defendant would be liable.

22.    YNA' merchandise was in possession and control of Timely and was exposed to moisture, became separated from its packing and was stacked inconsistent with the instruction.

23.    Defendant breached the MCA as follows:

    a)    Failing to properly deliver the subject merchandise;

    b)    Failing to properly supervise its employees, subagents, or subcontractors;

    c)    Failing to properly select or retain its employees, subagents, or subcontractors;

    d)    Failing to adhere to instructions of shipper/consignee.

    e)    Exposing the shipment to moisture;

    f)    Causing the shipment to become separated; and

    g)    Stacking in a manner inconsistent with instructions.

### THIRD CAUSE OF ACTION
### BREACH OF STATUTORY DUTIES UNDER THE
### ICC TERMINATION ACT (FORMERLY KNOWN AS
### THE CARMACK AMENDMENT 49 U.S.C. SECTION 14706, et seq.)

24.    Plaintiff repeat and reallege paragraphs 1-23 as if fully set forth herein.

25.    The Defendants are common carriers of goods for hire and a contract carrier and as such owed a statutory duty to the shippers and consignees for whom they agreed to carry cargo.

26.    Defendant herein undertook to safely carry the cargo described above and accepted the cargo in good order and condition.

27.    Defendant owed to Plaintiff a non-delegable statutory duty to act in a commercially reasonable manner and to furthermore properly supervise its employees and any sub-agents or subcontractors, as well as to properly retain said employees and subagents or subcontractors.

28.    Defendant further owed to Plaintiff a statutory duty to deliver the cargo in the same good order and condition as it was delivered, and to follow instructions given by a shipper or consignee.

29.    Defendant breached its duty of care as follows:

a)    Failing to properly deliver the subject merchandise;

b)    Failing to properly supervise its employees, subagents, or subcontractor;

c)    Failing to properly select or retain its employees, subagents, or subcontractors; and

d)    Failing to adhere to instructions of shipper/consignee.

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant:

A.    On the First Cause of Action for $98,015.69.

B.    On the Second Cause of Action for $98,015.69.

C.    On the Third Cause of Action for $98,015.69.

together with an award of prejudgment and post-judgment interest, costs, fees, and any other further relief the Court deems just and proper.

Dated:  New York, New York
         February 12, 2008

COZEN O'CONNOR
Attorneys for Plaintiff,
AIOI Insurance Co.,
as subrogee and assignee of YAZAKI NORTH AMERICA, INC.

By:  _____
James F. Campise
45 Broadway, 16th Floor
New York, New York 10006
Tel. (212) 908-1203