Barry N. Gutterman, Esq. (BG6410)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Timely Integrated, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------X
AIOI INSURANCE COMPANY, as subrogee and assignee of
YAZAKI NORTH AMERICA, INC.

                Plaintiff,

v.

TIMELY INTEGRATED, INC.

                Defendants.
---------------------------------------------------------------------------

ECF CASE

08 CIV 1479
(Judge Griesa)

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT TIMELY INTEGRATED, INC.

Defendant, Timely Integrated, Inc. ("Defendant"), by its attorneys, Barry N. Gutterman & Associates, P.C., for its Answer and Affirmative Defenses to the Complaint of A101 Insurance Company, as subrogee and assignee of Yazaki North America, Inc. ("Plaintiff") alleges upon information and belief:

1. Defendant denies knowledge and information regarding the allegations contained in paragraph 1 of the Complaint and therefore denies same and leaves plaintiff to its proof.

2. Defendant denies knowledge and information regarding the allegations contained in paragraph 2 of the Complaint and therefore denies same and leaves plaintiff to its proof.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies knowledge and information regarding the allegations contained in paragraph 4 of the Complaint and therefore denies same and leaves plaintiff to its proof.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint but denies knowledge or information about the condition of the cargo delivered to Plaintiff.

10. Defendant denies knowledge and information regarding the allegations contained in paragraph 10 of the Complaint and therefore denies same and leaves plaintiff to its proof.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant repeats and realleges its responses to paragraphs 1-11 of the Complaint as its response to paragraph 12.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16(a)-(d) Defendant denies the allegations contained in paragraph 16, sections (a)-(d) of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant repeats are realleges its responses to paragraphs 1-17 of the Complaint

as its response to paragraph 18.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies knowledge and information regarding the allegations contained in paragraph 21 of the Complaint and therefore denies same and leaves plaintiff to its proof.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23(a)-(g) Defendant denies the allegations contained in paragraph 23 sections (a)-(g) of the Complaint.

24. Defendant repeats are realleges its responses to paragraphs 1-23 of the Complaint as its response to paragraph 24.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29(a)-(d) Defendant denies the allegations contained in paragraph 29, sections (a)-(d) of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

30. Defendant is not responsible for any damage to the shipment caused by the improper loading of plaintiff.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

31. Defendant has no liability to Plaintiff as Defendant acted only as a broker with regard to the shipment.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

32. If the shipment referred to in the Complaint suffered any loss, damage, or delay, which is herein expressly denied, such loss, damage or delay was caused by parties over whom Defendant had no control.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

33. To the extent that Plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

34. To the extent that Plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

35. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the Plaintiff may not recover in excess of such limitations.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

36. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that Plaintiff seeks special and/or consequential damages, Defendant is not responsible for such amounts.

## AS AND FOR AN
## EIGHTH AFFIRMATIVE DEFENSE

37. The Complaint fails to state a claim against Defendant upon which relief can be granted.

WHEREFORE, defendant Timely Integrated, Inc. demands judgment: 1) dismissing the Complaint with prejudice, together with the costs, disbursements and reasonable counsel fees; and (2) for such other defendant relief as to this Court may deem just and proper.

Dated: New York, New York
March 18, 2008

By: /s/ Barry Gutterman
Barry N. Gutterman, Esq. (BG-6410)
Barry N. Gutterman Associates, P.C.
60 East 42nd Street, 46th Floor
New York, New York, 10165
(212) 983-1466

Attorneys for Defendant
Timely Integrated, Inc.

To: James F. Campise, Esq.
Cozen O'Connor
45 Broadway, 16th Floor
New York, New York 10006
(212) 908-1203

Attorneys for Plaintiff

TR2817.AAD