UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AIOI INSURANCE COMPANY, as subrogee and
assignee of YAZAKI NORTH AMERICA, INC.

CIVIL ACTION NO.: 1:08-cv-01479-TPG

                Plaintiff(s),

      v.

TIMELY INTEGRATED, INC.

                Defendant(s).

-----------------------------------------------------------X

## MEMORANDUM OF LAW OF
## PROPOSED THIRD-PARTY INTERVENOR PLAINTIFF
## LUCKY 7 TRANSPORTATION
## IN SUPPORT OF
## MOTION FOR LEAVE TO FILE
## THIRD PARTY INTERVENOR COMPLAINT

*Eric B. Schoenfeld, Esq.*
*On the Memorandum*

## STATEMENT OF FACTS

The pertinent facts of the within matter have been set forth in detail in the Affirmation of Eric B. Schoenfeld, Esq. submitted in support of the within motion and in the interests of judicial economy, shall not be repeated at length here.

# LEGAL ARGUMENT

## POINT I

### THE WITHIN APPLICATION ON BEHALF OF LUCKY 7 TRANSPORTATION TO FILE A THIRD-PARTY INTERVENOR COMPLAINT SHOULD BE GRANTED AS OF RIGHT.

The Federal Rules of Civil Procedure provide the following regarding intervention as of right:

**Rule 24. Intervention**

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

(1) Is given an unconditional right to intervene by federal statute; or
(2) Claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

F.R.C.P. 24(a)(1)-(2) (West 2008).

In interpreting this rule, the courts have held that to intervene of right, an applicant must do four things:

(1) Timely file the application;

(2) Show an interest in the action;

(3) Demonstrate that the interest may be impaired by the action's disposition; and

(4) Show that interest is not protected adequately by the parties to the action.

**1. Putative Third-Party Intervenor Plaintiff Lucky 7 Has an Interest in the Action Relating to the Damage Claim at Issue.**

This case involves the shipment of goods across state lines under a Bill of Lading. The Carmack Amendment to the Interstate Commerce Act exclusively governs an interstate motor

carrier's liability for loss, damage or delay in the moving of goods across state lines under an Interstate Bill of Lading. 49 U.S.C.§ 14706 (West 2007). In order for a shipper to establish a prima facie case against a carrier for liability under the Carmack Amendment, the shipper must plead and prove the following three elements:

1. The goods were tendered to the shipper in good condition;

2. The goods were delivered in a damaged condition or not delivered at all; and

3. The amount of damages.

The plaintiff need not prove negligence as long as the prima facie case is established. Once the plaintiff establishes a prima facie case of negligence, the burden shifts to the defendant to show that it was free of negligence and that the damage was caused by one of the several excepted causes that relieve carriers of liability. *Chubb Group of Insurance Companies v. H.A. Transportation Systems, Inc.*, 243 F.Supp.2d 1064, 1068 (C.D. Cal. 2002). The burden then shifts to the carrier to establish:

1) The carrier did not act negligently in packing, loading, hauling or delivering the goods and one of the following:

2) Act of shipper;

3) Act of God (i.e. fire, flood, weather);

4) Inherent vice; or

5) Act of public authorities.

Furthermore, under the Carmack Amendment, a consignee (here, Yazaki) has the duty to accept goods which have been damaged in transit from a common carrier unless the goods are deemed to be totally worthless. *Fraser-Smith Co. v. Chicago Rock Island & Pac. R.R. Co.*, 435 F.2d 1396, 1399 (8th Cir. 1971). The term "totally worthless" has been defined to mean that the damaged goods were worthless for their intended purpose and that there is no secondary market in which the

damaged goods could be sold. *Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 294 (4th Cir. 1990). This duty imposed upon the consignee stems from the obligation of each party to mitigate damages. The burden of proof of the fact that damages could have been mitigated by the consignee is on the carrier. *Fraser-Smith Co. V. Chicago, Rock Island & Pac. R.R. Co.*, 435 F.2d 1396, 1401 (8th Cir. 1971). Furthermore, it has been firmly held that when damaged but salvageable goods are tendered to the owner, the carrier's liability for further damage terminates. *Oak Hall Cap & Gown, supra*, at 294.

Lucky 7 Transportation, the carrier at issue, seeks to intervene as a third-party plaintiff against the plaintiff Yazaki North America. It is evident from a review of the facts of the case that Lucky 7 Transportation, as the carrier in this action, has viable claims and defenses under the application of the Carmack Amendment. First, it will be the claim of Lucky 7 Transportation that the plaintiff Yazaki will be unable to sustain its burden of proof that the property in question was damaged in the hands of the carrier, in that one of the copies of the Bill of Lading indicates that the load was accepted without reservation. This means that the load was accepted by Yazaki with no notation of damage. Thereafter, Yazaki took control and possession of the cargo and it remained in their possession in an allegedly unloaded truck for some nineteen days before it was unloaded and the alleged damage was discovered by the surveyor.

Furthermore, Lucky 7 Transportation must be permitted to file a third-party complaint to allege the wrongful destruction/salvage of the cargo by Yazaki. Pursuant to the report of Atlantic Marine Inspections, representatives of Yazaki chose to scrap the wire harnesses in total without attempting to test them to ascertain if they were in fact 100% damaged and unusable. If they were not rendered "completely worthless" as that term is defined by pertinent case law, then Yazaki would be entitled to sell them for salvage and Lucky 7 would be responsible for the difference in the market

value of the harnesses at the time of shipment versus their condition at the time of delivery. However, if they were rendered "completely worthless," as claimed by Yazaki, then Yazaki's duty was to reject the cargo back to the carrier (here, Lucky 7 Transportation) for disposal. However, Yazaki unilaterally determined that all of the wire harnesses were rendered unusable simply because a few looked damaged. For this reason, Lucky 7 Transportation is entitled to assert an affirmative claim for Yazaki's wrongful destruction of the cargo.

Lucky 7 Transportation has therefore demonstrated an identifiable interest in the action which is unique to them as the common carrier in this transaction and thus they should permitted to intervene in this litigation.

2. **Lucky 7 Transportation's Interest in the Ligitation Will Be Impaired if Intervention is Not Permitted**

The Carmack Amendment provides, in relevant part, as follows:

> "A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation . . . That carrier and any other carrier that delivers the property and is providing transportation or service . . . *are liable to the person entitled to recover under the receipt or bill of lading.* The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States."

49 U.S.C. § 14706(a)(1) (West 2008) (emphasis supplied).

It has been held that the Carmack Amendment, and the claims and defenses appurtenant thereto does not preempt a transportation broker's claim for breach of contract against a trucking carrier/common carrier where the freight broker is seeking damages for breach of the brokerage agreement. *Edwards Bros., Inc. v. Overdrive Logistics, Inc.*, 260 Ga. App. 222 (Ga. Ct. App. 2003). In *Edwards Bros.*, Overdrive, a federally licensed transportation broker and Edwards Bros., a

trucking company, were parties to a brokerage contract. *Id.* at 223. Pursuant to that brokerage contract, Overdrive contracted with Robinson to arrange for a load of Robinson's processed chicken to be shipped from Georgia to California. *Id.* Overdrive retained Edwards Bros. to transport the chicken. *Id.* The shipment of chicken was ultimately rejected by the consignee in California because the product was delivered above the required temperature. Robinson ultimately sold the chicken to other buyers at a loss to Robinson of $21,525.97, and thereafter, Robinson submitted a claim to Edward Bros. for the damage to the shipment. *Id.* After settling the claim, Robinson learned that Edwards Bros. and Overdrive concealed the fact that the reason the chicken was delivered above temperature to the consignee was because the truck had broken down. Due to the fact that Robinson had not been fully compensated for its loss, it decided to withhold the balance of the loss on the chickens from a payment it owed to Overdrive. *Id.* at 224.

Thereafter, Overdrive, the broker, sued Edward Bros. seeking damages against Edward Bros. for breach of contract, or in the alternative, pursuant to the Carmack Amendment. The Georgia Appellate Court ultimately held that since Overdrive was not seeking damages under a bill of lading, but rather was seeking damages for breach of its contract of carriage with Edward Bros., the Carmack Amendment did not pre-empt Overdrive's common law breach of contract claim. *Id.* Specifically, since the breach of contract claim did not apply to a bill of lading, but rather to a contract of carriage, Carmack was held to be inapplicable to Overdrive's action against the carrier and Edward Bros. was not entitled to avail itself of its remedies under the Carmack Amendment. *Id.*

In the within action, the same result could potentially apply if Lucky 7 Transportation is not permitted to intervene in this action. As the trucking carrier, Lucky 7 Transportation has claims and defenses under the Carmack Amendment that are unique to Lucky 7 and can be asserted only by

Lucky 7. If Lucky 7 Transportation is not permitted to intervene in this action, which pertains directly to the rights and liabilities of the parties under the applicable bill of lading and therefore application of the Carmack Amendment, Timely Integrated, the broker, could settle the claim or pay a judgment and thereafter file a separate action against Lucky 7 for breach of the transportation agreement between them. If this occurs, Lucky 7 would lose all ability to claims and defenses under the Carmack Amendment, which are clearly applicable in this action.

For this reason, Lucky 7 should be permitted to intervene in the within action to preserve its claims and defenses under the Carmack Amendment, which will be lost should intervention not be permitted.

## POINT II

### IN THE EVENT THAT THE COURT DOES NOT GRANT INTERVENTION AS OF RIGHT, PERMISSIVE INTERVENTION SHOULD BE GRANTED.

The Federal Rules of Civil Procedure provide the following regarding permissive intervention:

**Rule 24. Intervention**

(b)   **Permissive Intervention.**

    (1)   **In General.**   On timely motion, the court may permit anyone to intervene who:

(A)   is given a conditional right to intervene by federal statute; or

(B)   has a claim for defense that shares with the main action a common question of law or fact.

In the within matter, the foregoing point heading has outlined that Lucky 7 Transportation as the common carrier, has a claim/claims and/or defenses that pertain directly to the main action, which deal directly with claims which must be adjudicated under the provisions of the Carmack

Amendment. Should this honorable court not hold that Lucky 7 Transportation has met the requirements for intervention as of right, it is respectfully requested that, for the foregoing reasons, the court permit intervention in its discretion.

Dated:   June 12, 2008

By:

SCHOENFELD MORELAND, P.C.
Attorneys for Putative Third-Party Plaintiff
LUCKY 7 TRANSPORTATION
_/s/_____
ERIC B. SCHOENFELD (ES8532)
61 Broadway
18th Floor
New York, New York 10005
(212) 509-0500
Our File: PGI-3743-DN1

cc:   James F. Campise, Esq.
Nicoletti, Hornig & Sweeney
88 Pine Street
7th Floor
New York, New York 10005
Counsel to Yazaki North America, Inc.

Barry Neil Gutterman, Esq.
Barry N. Gutterman & Associates, P.C.
The Lincoln Building
60 East 42nd Street
46th Floor
New York, New York 10165
Counsel to Timely Integrated, Inc.