James F. Campise, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
*Attorneys for Plaintiff, AIOI Insurance Company a/s/o Yazaki North America, Inc.*

# United States District Court
# Southern District of New York

---------------------------------------------------------------x
:
AIOI INSURANCE COMPANY, as subrogee and  :
assignee of YAZAKI NORTH AMERICA, INC.   :   Case No.: 1:08-cv-01479-TPG
:
Plaintiff,                 :
:
-against-                    :
:
TIMELY INTEGRATED, INC.                  :
:
Defendants.                :
---------------------------------------------------------------x  :

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD –PARTY INTERVENOR COMPLAINT ON BEHALF OF LUCKY 7 TRANSPORTATION**

Cozen O'Connor
Attorneys for Plaintiff
45 Broadway, 16th Floor
New York, New York 10006

James F. Campise, Esq.
On the Memorandum

## STATEMENT OF FACTS

For the purpose of the within motion, Plaintiff adopts the facts set froth by the proposed intervenor, Lucky 7.

## ARGUMENT

The Federal Rules of Civil Procedure provide for intervention at Rule 24.

Rule 24 provides:

a.  Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action my as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties

b.  Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claims or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

c.  Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. the motion shall state the grounds therefore and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statue of the United States gives a right to intervene.

While this rule is to be liberally construed, concrete issues and not mere abstractions must appear in the record before intervention will be permitted. <u>Kelly v Pascal System</u>, 183 F.Supp. 775 (ED Ky. 1960).

The proposed intervenor, Lucky 7, has failed to state how its rights will be affected if it is not permitted to intervene. Moreover, the purported basis for intervention, is that the plaintiff

2

Yazaki, allegedly failed to mitigate its loss. Lucky 7 however, has failed to show how defendant Timely can not adequately protect this interest of Lucky 7, or more fundamentally that Lucky 7 is entitled to mitigation since no claim has been made against Lucky 7 by Yazaki or by defendant Timely.

Finally, sub paragraph c of Rule 24 requires that the motion *"...be accompanied by a pleading setting forth the claim or defense for which intervention is sought."* Lucky 7 attaches a third party complaint asserting what sounds like a demand for indemnification against Yazaki for allegedly failing to mitigate the loss sustained. Yet nowhere does Lucky 7 state the basis or source of Yazaki's alleged duty to Lucky 7.

Based upon the foregoing, Lucky 7's motion to intervene, as presently framed, should be denied.

Dated: June 20, 2008

Respectfully submitted,

COZEN O'CONNOR

BY: _____
James F. Campise, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
*Attorneys for Plaintiff, AIOI Insurance Company a/s/o Yazaki North America, Inc.*

cc:   Eric B. Schoenfeld
      61 Broadway, 18th Floor
      New York, New York 10005
      Counsel to Lucky & Transportation

      Barry Neil Gutterman, Esq.
      Barry N. Gutterman & Associates, P.C.
      The Lincoln Building
      60 East 42nd Street, 46th Floor
      New York, New York 10165
      Counsel for Timely Integrated, Inc.