James F. Campise, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400
*Attorneys for Plaintiff, AIOI Insurance Company a/s/o Yazaki North America, Inc.*

## United States District Court
## Southern District of New York

---------------------------------------------------------------x

AIOI INSURANCE COMPANY, as subrogee and assignee of YAZAKI NORTH AMERICA, INC.

    Plaintiff,

-against-

TIMELY INTEGRATED, INC.

    Defendants.

---------------------------------------------------------------x

Case No.: 1:08-cv-01479-TPG

**AFFIDAVIT OF JAMES F. CAMPISE IN OPPOSITION TO MOTION FOR LEAVE TO FILE THIRD –PARTY INTERVENOR COMPLAINT ON BEHALF OF LUCKY 7 TRANSPORTATION**

JAMES F. CAMPISE, being duly sworn deposes and says:

1. I am a member of the firm of Cozen O'Connor, counsel for the Plaintiff AIOI Insurance Company a/s/o Yazaki North America ("Yazaki") and submit this Affidavit in Opposition to the motion of Lucky 7 Transportation ("Lucky 7") to intervene.

2. Plaintiff has no objection *per se*, to intervention by Lucky 7, potentially as a defendant, or perhaps a third party defendant; plaintiff, however does object to the method of Lucky's 7's proposed intervention i.e. its proposed third party complaint, as set forth by its motion.

3. Lucky 7's proposed third party complaint is insufficient as a matter of law.

4. The gravamen of Lucky 7's proposed third party complaint is against Yazaki for allegedly failing to mitigate its loss.

5. Yazaki's contract and the basis of its complaint, however, is with Timely, not Lucky 7. If Yazaki had a duty to mitigate, it would be based upon and arise from the contract with Timely, a contract to which Lucky 7 is NOT a party.

6. Seeking to cast Yazaki as a third party defendant, Lucky 7 fails to identify the basis and source of Yazaki's alleged mitigation duty to Lucky 7.

7. If Lucky 7 is to be a party, conceptually, defendant Timely should have brought Lucky 7 in under Rule 14, as third party defendant. However, the fact that Timely did not bring Lucky 7 in as third party defendant does not create or expand its rights against plaintiff.

8. For the foregoing reasons, the intervention of Lucky 7 as proposed in its third party complaint should be denied.

_____
JAMES F. CAMPISE

Sworn to before me
this ___ day of June, 2008

CHRISTOPHER RALEIGH
Notary Public, State of New York
No. 02RA4800776
Qualified in New York County
Commission Expires August 10, 2010