UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AIOI INSURANCE COMPANY, as subrogee and assignee of YAZAKI NORTH AMERICA, INC.

        Plaintiff(s),

v.

TIMELY INTEGRATED, INC.

        Defendant(s).
-------------------------------------------------------------X

CIVIL ACTION NO.: 1:08-cv-01479-TPG

AFFIRMATION OF ERIC B. SCHOENFELD, ESQ. IN REPLY TO PLAINTIFF'S OPPOSITION TO PUTATIVE THIRD-PARTY PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD-PARTY INTERVENOR COMPLAINT

ERIC B. SCHOENFELD an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the truth of the following under penalties of perjury:

1. I am a member of the law firm of SCHOENFELD MORELAND, P.C., attorneys for putative third-party plaintiff, LUCKY 7 TRANSPORTATION in the above-entitled action. As such, I am fully familiar with the facts and circumstances of this action.

2. This Affirmation is submitted in reply to the Plaintiff's opposition to the putative third-party plaintiff's motion for leave to file a third-party intervenor complaint.

3. The plaintiff first argues that Lucky 7 has failed to state how its rights will be affected if it is not permitted to intervene. This is incorrect. Lucky 7 is the motor carrier who transported the cargo from its original point of origin and it was in Lucky 7's custody that the initial accident took place. As the transporting motor carrier, Lucky 7 has both potential statutory liability under the provisions of the Carmack Amendment, as well as potential common law liability. Specifically, the Carmack Amendment provides the following, in pertinent part:

> "A carrier providing transportation shall issue a receipt or bill of lading for property it receives for transportation. That carrier and any other carrier that delivers the property and is providing transportation . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier; (B) the delivering carrier, or (C) another carrier over those line or route the property is transported in the United States from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and . . . Failure to issue a receipt or bill of lading does not affect the liability of a carrier."

49 U.S.C. § 14707(a)(1) (West 2008). Therefore, it is readily apparent that as a delivering carrier, Lucky

7 has its own independent liability under the Carmack Amendment.

4.  Secondly, the plaintiff's counsel argues that Timely Integrated, the freight forwarder and/or broker can protect the interests of Lucky 7 in this litigation, therefore Lucky 7 has not established how their interests would be affected if not permitted to intervene. This is also incorrect. The Carmack Amendment provides for the liability of carriers and freight forwarders, but not brokers. *See Custom Cartage, Inc. v. Motorola, Inc.*, 1999 WL 89563 (N.D. Ill., Feb. 16, 1999).  In other words, freight brokers are not entitled to assert the Carmack defenses to liability under the statute.  There is no indication at this juncture in the litigation as to whether Timely Integrated functioned as a <u>freight forwarder</u> or <u>freight broker</u> in this transaction.  This makes a great difference in the rights and liabilities of the parties.

5.  A "freight broker" is defined as "a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as welling, providing or arranging for transportation by motor carrier for compensation." 49 U.S.C. §13102 (2) (West 2008). A "freight forwarder" is defined as:

> "a person holding itself out to the general public (other than as a pipeline, rail, motor or water carrier) to provide transportation of property for compensation and in the ordinary course of its business –
>
> (A)  Assembles and consolidates, or provides for assembling and consolidating, shipments and performs or provides for breakbulk and distribution operation of the shipments;
>
> (B)  Assumes responsibility for the transportation from the place of receipt to the place of destination; and
>
> (C)  Uses for any part of the transportation a carrier subject to jurisdiction under this subtitle.

49 U.S.C. §13102 (8) (West 2008).

6.  It should be noted that in Yazaki's contract with Timely Integrated, Timely Integrated is referred to as a "carrier." However, in Lucky 7's Contract of Carriage, which is with a presumably affiliated company, Integrated Services, Integrated Services is referred to as a "broker." Therefore, if it is ultimately determined that in this litigation Timely Integrated functioned as a freight broker, they may not have the standing to assert Carmack defenses on their own behalf and would certainly not be

able to or be obligated to assert them on behalf of Lucky 7 Transportation. Lucky 7 Transportation should be able to intervene in its own right to assert the defenses to which it is entitled under the Carmack Amendment as the delivering carrier.

7.      Moreover, the contract between Yazaki and Timely Integrated contains, among other terms, a "presumed damages" clause which states that:

> "Any cargo shipped by [Yazaki] or [Yazaki's] affiliates hereunder shall be presumed damaged for purposes of Section 6 above, if while in Carrier's possession and control (and through no fault of [Yazaki] or [Yazaki's] affiliates): (i) the cargo has been exposed to moisture; (ii) the cargo has been separated from its original packaging or carton; or (iii) the cargo has been stacked in a manner inconsistent with the written loading instructions provided to Carrier by [Yazaki] or [Yazaki's] affliliates." (Motor Carrier Agreement, previously attached to this Affiant's Affirmation in Support as Exhibit "A").

However, this term directly conflicts with the provisions of the Carmack Amendment, which makes no provision for "presumed damages" and provides that the plaintiff, Yazaki, must prove that the wire harnesses were actually damaged and the amount of the damage. Lucky 7 should not be liable for such presumed damages. However, if Lucky 7 is not permitted to intervene and assert its defenses in this action, and Timely Integrated is ultimately found liable based upon the foregoing presumed damages provision, Timely Integrated could in fact sue Lucky 7 in a separate action based upon the Contract of Carriage between Integrated Services and Lucky 7 Transportation, in which Lucky 7 would be unable, by law, to assert any defenses to liability or the amount of damages under Carmack.

8.      Furthermore, as set forth in Lucky 7's moving papers, it has been held that the Carmack Amendment, and the claims and defenses appurtenant thereto does not preempt a transportation broker's claim for breach of contract against a trucking carrier/common carrier where the freight broker is seeking damages for breach of the brokerage agreement. *Edwards Bros., Inc. v. Overdrive Logistics, Inc.*, 260 Ga. App. 222 (Ga. Ct. App. 2003). Therefore, if Lucky 7 Transportation is not permitted to intervene in this action, which pertains directly to the rights and liabilities of the parties under the applicable bill of lading and therefore application of the Carmack Amendment, Timely Integrated, the broker, could settle the claim or pay a judgment and thereafter file a separate action against Lucky 7 for breach of the transportation agreement between them. If this occurs, Lucky 7 would lose all ability to claims and defenses under the Carmack Amendment, which are clearly applicable in this action.

9.      Counsel for the plaintiff additionally objects to Lucky 7 being able to assert an affirmative

claim against Yazaki because Lucky 7 was not a party to the contract between Yazaki and Timely Integrated. However, this argument is without merit. First, as previously noted, as a delivering carrier, Lucky 7 has both potential statutory and common law liability to Yazaki, the shipper, under the Carmack Amendment. It does not matter that Yazaki may have a separate agreement with Timely Integrated to which Lucky 7 was not a party.

10. The plaintiff's counsel additionally objects to the proposed third-party complaint because "nowhere does Lucky 7 state the basis or source of Yazaki's alleged duty to Lucky 7." However, the plaintiff's counsel has misstated Lucky 7's interest as to Yazaki in this case. As a carrier in this transaction in which Yazaki is the shipper and Lucky 7 is the delivering carrier, Yazaki has a burden of proof as to liability and damages and Lucky 7 has defenses and, in Lucky 7's opinion, an affirmative claim for wrongful destruction of the cargo, pursuant to the Carmack Amendment and interpreting case law. Lucky 7 has potential liability as a delivering carrier. Therefore, this delineates Lucky 7's interest in being a party to this action.

11. Finally, the plaintiff's counsel does state in his Affirmation in Opposition that the plaintiff has no objection *per se* to intervention by Lucky 7, potentially as a defendant or perhaps a third-party defendant. Should this Court determine that Lucky 7's intervention is more appropriate as a defendant, whereupon Lucky 7 could assert its defenses under the Carmack Amendment, including Yazaki's failure to mitigate damages, then intervention is respectfully requested on that basis. However, should it ultimately be determined that Yazaki's destruction of the entire load of cargo does in fact amount to wrongful destruction of the cargo or spoliation, to which an affirmative claim applies, then Lucky 7 would respectfully request the right to file a counterclaim against Yazaki as to that affirmative claim.

Respectfully submitted

SCHOENFELD MORELAND, P.C.
Attorneys for proposed Intervenor Third-Party Plaintiff
LUCKY 7 TRANSPORTATION

By: __/s/_____
ERIC B. SCHOENFELD (ES8532)
61 Broadway
18th Floor
New York, New York 10005
(212) 509-0500

Dated:     June 25, 2008
           New York, New York


TO:    James F. Campise, Esq.
       Cozen & O'Connor
       45 Broadway
       16th Floor
       New York, New York 10006-3792
       Attorney for Plaintiff AIOI Insurance Company as Assignee of Yazaki North America, Inc.

       Barry Neil Gutterman, Esq.
       Barry Neil Gutterman & Associates, P.C.
       The Lincoln Building
       60 East 42nd Street
       New York, New York 10165